Black *v.* Fleece.

R. J. BLACK *v.* COUNTY OF SHELBY and GEORGE B. FLEECE, County Trustee.

CHANCERY PLEADINGS AND PRACTICE. *Officers' fees.* The Legislature having passed an act limiting the emoluments of the clerks and other officers to a given sum, and requiring them to make a half-yearly exhibit of fees received, and to pay over the excess above the amount allowed to certain officials, and making it a misdemeanor to evade the law by connivance with others, or by an incorrect report. *Held,*. that a bill by a clerk to have his rights declared, and the act construed and pronounced unconstitutional, could not be sustained in advance· of the occurrence of a state of facts creating a real controversy.

FROM SHELBY.

Appeal from the Chancery Court of Shelby county.. W. W. McDOWELL, Ch.

W. M. RANDOLPH, HENRY CRAFT, WM. M. SMITH and H. CLAY KING for complainant.

JULIUS A. TAYLOR and WM. M. CARROLL for defendants.

COOPER, J,. delivered the opinion of the court.

The Legislature, on the 30th of January, 1879,. passed "an act to regulate and equalize the salaries of certain public officers." The act in substance provides that the clerks of courts and certain other officers named shall not receive from the emoluments of their office, directly or indirectly, a sum greater than $2,000 per annum. It further provides that each.

clerk, and other officer mentioned, shall make under oath, and if a State officer, file with the Comptroller, and if a county officer, with the County Judge, or Chairman of the County Court, on the first Mondays of January and July of each year, a true exhibit of all fees, emoluments and perquisites of office, trust or employment of office, received by him for services performed as such officer for the previous half year; and if a state officer, shall pay over to the Comptroller, and if a county officer, to the County Trustee, any amount so in excess of said sum of $2,000.

R. J. Black being the Clerk of the Chancery Court of Shelby county, on the 12th of April, 1879, filed this bill against the county of Shelby and George B. Fleece, the trustee of said county, to construe the law, direct the complainant as to the proceedings to be had in his office under it, declare the rights of complainant and defendants under it, and adjudge it to be unconstitutional and void.

The bill states that complainant was appointed clerk on the 23d of November, 1878, and qualified according to law; that his emoluments of office, in the way of receipts, have not been enough to pay the expenses of his office, and he adds, "several half years may elapse before the receipts shall be sufficient to pay what the act allows to be retained." He suggests that it may and probably will be that on the first Monday of July next ensuing, the emoluments, in the way of fees earned, will exceed the compensation of himself and deputies, as fixed by the act. He insists that he is entitled to the earnings of his office, and

that the act in question is unconstitutional and void. He files his bill *quia timet* for a construction of the law, etc. The Chancellor sustained the demurrer of the defendants to the bill, and the complainant appealed.

The learned counsel of the complainant have frankly conceded that they could find no authority for such a bill, and it is too clear for argument that it cannot be sustained. It is simply an effort to get the courts to construe or pass upon the validity of a statute without a "real controversy." There is not only no existing state of facts upon which the action of the court is asked, but the bill expressly avers that several half years may elapse before the facts necessary to make a case will occur. Such facts may never occur, for the complainant may die, or be removed from office, before the number of half years necessary to constitute a real litigation shall have expired. All that the court could give him now would be an abstract opinion, or, what would come more properly from the bar than the bench, legal advice. Anything that might now be said would be sheer *dicta.*

For another reason the bill cannot be entertained. The remedy for the supposed wrong is plain, adequate and unembarrassed at law whenever such a state of facts shall occur, if they ever do occur, as will require decision. No penalty is imposed or punishment denounced by the statute for the mere act on the part of the officer of insisting upon his legal rights as he may be advised. The offenses which are declared misdemeanors by the third section of the act, are the

willful evasion of the law by connivance with another, or by making an incorrect report. No honest clerk need to violate these provisions. And the bill, so far as it is *quia timet* to avoid the penalties of the act, is asking for a declaration of rights in order to prevent the danger of the complainant fraudulently evading the law by connivance or false report. We know of no head of chancery jurisdiction under which such a bill could be classed.

It is suggested that the demurrer to this bill does not raise the question of the jurisdiction of the court of chancery, and therefore the court is bound to take cognizance of the bill under the statute. But the statute has no application to a bill the subject matter of which is neither cognizable in equity nor at law.

The decree below will be affirmed with costs.